UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PAUL A. MOSS, ) | |
| ) | Case No. 1:14-cv-251 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| ATTORNEY GENERAL OF THE UNITED ) | |
| STATES OF AMERICA, ) | |
| ) | |
| *Defendant*. | |

**MEMORANDUM OPINION**

Pro se federal prisoner Paul A. Moss ("Petitioner") brings this petition for a writ of habeas corpus ad subjiciendum, under 28 U.S.C. § 1651, challenging his federal convictions for possession of cocaine with the intent to distribute and possession of a firearm in furtherance of a drug trafficking offense, for which he received an effective 300-month sentence of confinement. (Doc. 1.)[1] Petitioner maintains that he has unsuccessfully sought relief from his convictions under various statutes, including 28 U.S.C. §§ 2255 and 2241, and that he has even requested, and been denied, permission to file an untimely second or successive § 2255 motion to vacate, set aside or correct sentence by the United States Court of Appeals for the Sixth Circuit.

Petitioner asserts that the present § 1651 habeas corpus petition represents his last

---

[1] "[T]he phrase 'habeas corpus' used alone refers to the common-law writ of habeas corpus Ad subjiciendum, known as the "Great Writ.'" *Stone v. Powell*, 428 U.S. 465, 475 n.6 (1976) (citing *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 95, 2 L. Ed. 554 (1807)). The Great Writ (or habeas corpus ad subjiciendum) is known today as 28 U.S.C. § 1651. *Carbo v. United States*, 364 U.S. 611, 615-16 (1961).

refuge from his illegal convictions and his only hope for relief on his claims of inadequate legal counsel and illegal sentence enhancements, which were based on facts not alleged in the indictment nor admitted in the plea agreement.

The Supreme Court has explained that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute [and w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."[2] *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) (quoting *Pennsylvania Bur. of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)) (internal quotation marks omitted)).

In *United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001), the Sixth Circuit stated: "Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence." *Id.* at 461. Clearly, Petitioner is challenging the imposition of his sentence and such claims, with certain exceptions not relevant here, should be raised in a motion to vacate the sentence filed pursuant to § 2255. *Id.* at 461; *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999).

In short, Petitioner has pinned his hopes on a remedy, i.e. a petition under the All Writs Act, 28 U.S.C. § 1651, which does not do service for a § 2255 motion. *See e.g.*, *United States v. Hayman*, 342 U.S. 205, 223 n.40 (1952) (observing that § 2255 "expressly required that the extraordinary remedy of habeas corpus be withheld pending resort to established procedures

---

[2] The relevant provision of the All Writs Act reads:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective [federal] jurisdiction[] and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).

providing the same relief"); *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) (stating that "federal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255"); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (holding that a § 2255 motion generally provides the proper procedural avenue for a federal prisoner's challenge to a sentence imposed in violation of the federal constitution or laws).

For the above reasons, because this petition for a writ of habeas corpus ad subjiciendum under 28 U.S.C. § 1651 is an improper means to challenge Petitioner's federal convictions, the Court lacks jurisdiction to adjudicate the petition and, accordingly, will dismiss it. *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 84, 2 L. Ed. 554 (1807) (observing that federal courts lack inherent power to issue writs of habeas corpus and that such power "must be given by written law"); *United States v. Kirkpatrick*, No. 1:96-CR81, 2009 WL 2823658 (E.D. Tenn. Aug. 28, 2009) (dismissing pro se petition for "habeas corpus ad subjiciendum" since the petitioner was "required to make a motion under 28 U.S.C. § 2255").

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**